UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANH HUAN TRAN,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al,<br>Respondents. | Case No. 2:26-cv-03567-TLF<br><br>ORDER GRANTING HABEAS PETITION |

Petitioner Canh Huan Tran is a native and citizen of Vietnam. Dkt. 2 at 4 (petition); Dkt. 12 at 3 (response brief). This Court partially granted his previous habeas petition and ordered the government to provide him a post-deprivation hearing before an Immigration Judge ("IJ"). *Tran v. Blanche*, No. 2:26-cv-02905-TLF, Dkt. 9. Petitioner attended the post-deprivation hearing, and the IJ found petitioner was a flight risk. Dkt. 2 at 5-6; Dkt. 2-2 (IJ Order); Dkt. 12 at 3. Petitioner filed a Motion to Enforce, which the Court construed as a new habeas petition. Dkts. 1-2. Therein, petitioner argues the IJ abused her discretion when finding he was a flight risk. Dkt. 2.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 6. For the reasons below, the Court **GRANTS** the habeas petition and **ORDERS** respondents to immediately release petitioner **within 24 hours** of the filing of this Order.

## I. BACKGROUND

The facts related to petitioner's re-detention were discussed in this Court's previous Order. *Tran v. Blanche*, No. 2:26-cv-02905-TLF, Dkt. 9 at 2-3.

Petitioner entered the United States in 2024, was apprehended soon after, but was released under an Order of Release on Recognizance ("OREC"). *Id.* at 2. On July 17, 2026, respondents re-detained petitioner based on his arrest by Burien police on July 19, 2025, on suspicion of violating RCW 46.61.504 which designates 'physical control of vehicle while under the influence' as a gross misdemeanor. *Id.* at 2-3.

The previous habeas petition asserted a claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 4. Ultimately, this Court granted the petition in part, ordering the government to provide petitioner a post-deprivation hearing. *Id.* at 7-8. At this hearing, the Court ordered the government "shall bear the burden of proving by clear and convincing evidence that petitioner is either a flight risk or a danger to the community and must create a contemporaneous recording of the hearing by audio recording or by transcript, in line with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)." *Id.* at 7.

Petitioner received a post-deprivation hearing before an IJ on September 15, 2026, but the hearing was continued to September 17, 2026. Dkt. 2 at 5-6; Dkt. 12 at 3. In short, the parties presented argument on September 15, 2026, and the IJ continued the matter to September 17, 2026, to permit her review of documentary evidence. Dkts. 9, 15.[1] Then, the IJ issued her decision denying bond on September 17, 2026. Dkt. 9.

The government's evidence included a Form I-213, dated July 17, 2026, which documented petitioner's re-detention, Dkt. 14 at 4, and a Burien Police Department

[1] Pursuant to this Court's Order, the parties jointly submitted a recording of the IJ's decision from September 17, 2026. Dkts. 4, 8-10. Respondents then separately submitted a recording of the hearing from September 15, 2026. Dkt. 15, 17.

arrest report dated July 19, 2025. Dkt. 14 at 7. The Form I-213 additionally asserts that in 2022, petitioner twice unsuccessfully applied for an F-1 student visa. Dkt. 14 at 5-6.

Ultimately, the IJ denied bond, finding petitioner was a flight risk. Dkt. 2-2 (IJ Order). At the hearing, the IJ stated "I do not find [petitioner] is a danger. However, I do find, given [petitioner's] repeated attempts to obtain a visa into the United States that were denied, and his unlawful entry, and then not applying for relief—essentially only when in proceedings—that [petitioner] is a flight risk. I find the government has met its burden to demonstrate flight risk. And I will therefore deny bond or conditions." Dkts. 9-10.

## II. DISCUSSION

### A. Jurisdiction

Under 8 U.S.C. § 1226(e), the "Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *See Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) ("In other words, custody determinations within the discretion of the Attorney General are not subject to judicial review.").

"That provision does not, however, preclude 'habeas jurisdiction over constitutional claims or questions of law.'" *Hernandez*, 872 F.3d at 987 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). "'[C]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" *Id.* (quoting *Singh*, 638 F.3d at 1202 (9th Cir. 2011), *abrogated on other grounds as stated in Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-11 (9th Cir. 2022)).

Here, petitioner's abuse of discretion claim is not "challenging the IJ's discretionary judgment, but is instead challenging 'whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled.'" *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026) (quoting *W.T.M. v. Bondi*, No. 2:25-CV 02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026)).

As a final note, petitioner also states he attended a merits hearing on September 28, 2026, where his application for asylum was denied and he was ordered removed. Dkt. 16 at 2. Petitioner however states he "will timely appeal the order to the [Board of Immigration Appeals] by October 28, 2026, so the order is not final." Dkt. 6 at 12 (citing 8 C.F.R. §§ 1241.1, 1003.6(a)).

As the removal order is not final, it does not impact the Court's ability to review petitioner's challenge to his bond hearing. *See Rodriguez-Pineda v. Hernandez*, No. C26-2367-MLP, 2026 WL 2321531, at *6 (W.D. Wash. Aug. 11, 2026) (examining an abuse of discretion claim, noting the removal order was "not yet final as it is currently on appeal . . .").

This Court thus has jurisdiction to hear petitioner's challenge to his bond hearing.

**B. Exhaustion**

As another preliminary matter, the parties dispute whether petitioner should be required to exhaust his administrative remedies before pursuing his habeas petition. *E.g.*, Dkt. 2; Dkt. 12; Dkt. 16.

"In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional." *Vazquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash.

2026). This Court has discretion to waive this prudential requirement. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).

"Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the 'deliberate bypass' of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review." *Vazquez Lopez*, 830 F. Supp. 3d at 1100-1101 (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"Nonetheless, even if the three Puga factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000).

Here, the first Puga factor weighs against requiring prudential exhaustion. "[T]he facts in this case are undisputed and the actual issue is whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk." *Soriano*, 830 F. Supp. 3d at 1079. "Thus, the BIA's 'expertise' in immigration bond decisions is unnecessary to generate a proper record or reach a proper decision." *Id.*

The second Puga factor is neutral on whether to require prudential exhaustion. "Although relaxation of prudential exhaustion could encourage . . . others to bypass the administrative appellate procedure . . . there also is some value in identifying specific circumstances under which, as a matter of law, a finding of flight risk is untenable." *Id.*

The third Puga factor weighs against requiring prudential exhaustion. "Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Id.* "Moreover, given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim." *Id.*

Even if the above Puga factors favored requiring exhaustion, waiver would still be appropriate under *Laing* for reasons similar to those discussed in *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *3-*4 (S.D. Cal. Apr. 16, 2026).

**C. Abuse of Discretion**

Petitioner argues the IJ's decision was an abuse of discretion in finding petitioner was a flight risk. *E.g.*, Dkt. 2 at 9, 12.

Immigration detention is civil, not criminal, and it "is permissible only to prevent flight or reduce the risk of danger to the community." *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1164 (C.D. Cal. 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690-691 (2001)).

"When questions require a close review of agency-found facts, like the 'dangerousness'" or flight risk "determination, we review for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *Vasquez Lopez*, 830 F. Supp. 3d at 1100 (clarifying Martinez also applies to flight risk determinations).

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019). "First, a

challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion.” Id. “Second, it may be clear from the adjudicator's opinion itself that [they] simply did not apply the correct standard to the facts.” *Id.* Under either basis, this Court “may only determine whether the IJ applied the correct legal standard, not reweigh evidence.” *Soriano*, 830 F. Supp. 3d at 1080.

For this hearing, the government bore the burden of proving petitioner was a flight risk or danger to the community by clear and convincing evidence. Dkts. 9, 15. The clear and convincing evidence standard has been described as evidence that produces “a firm belief or conviction as to the truth of the allegations” in the mind of the factfinder, and evidence “so clear, direct and weighty and convincing” that it allows the finder of fact “to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.” *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 285 n.11 (1990). It has also been described as evidence that “could place in the ultimate factfinder an abiding conviction that the truth of [the proponent’s] factual contentions are ‘highly probable.’” *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (citation omitted). The clear and convincing evidence standard is satisfied if “the material [the proponent] offered instantly tilted the evidentiary scales in [its favor] when weighed against the evidence [the opposing party] offered in opposition.” *Id.* at 316 (citation omitted).

Petitioner argues the IJ failed to hold the government to its burden as “the government presented only two pieces of evidence—petitioner’s initial arrest report on the RCW 46.61.504 Physical Control charge and a[ Form] I-213” and also asserted petitioner’s “prior denied applications for a student visa in 2022 . . .” Dkt. 2 at 10. Further

"[t]his outcome is not individualized, reasoned, or reasonable" and "failed to meet the high bar of the clear and convincing standard . . ." Dkt. 2 at 3.

In finding petitioner was a flight risk, the IJ cited three bases, namely petitioner's "repeated attempts to obtain a visa" (2) "his unlawful entry," and (3) him "not applying for relief" until after removal proceedings began. Dkts. 9-10.

For the reasons below, the Court finds the IJ's asserted bases, and the government's evidence underlying them, are insufficient as a matter of law to meet the clear and convincing evidence standard.

First, generalized reliance on a petitioner's unlawful entry or status is insufficient, as "'a noncitizen's unlawful status cannot provide a legitimate consideration upon which an [IJ] may deny a request for release on bond . . . given that every individual who appears before an [IJ] for custody redetermination lacks lawful status.'" *Villa v. Mullin*, 834 F. Supp. 3d 957, 962 (C.D. Cal. 2026) (quoting *Lemus Crispin v. Bondi*, 832 F. Supp. 3d 534, 544-45 (E.D. Va. 2026)). This would be a circumstance common to all noncitizens in removal proceedings, and contravenes both the "'requirement of an individualized hearing and fundamental due process principles.'" *Id.* (quoting *Lemus Crispin*, 832 F. Supp. 3d at 544).

Second, unelaborated reliance on either previous unsuccessful attempts to obtain immigration relief, or a perceived delay in seeking said relief, is insufficient as a matter of law. For example, this Court in *Zavala Sandoval v. Hernandez* rejected reliance on past voluntary return orders as, without more, they "do not bear on [petitioner]'s flight risk status *today*." No. 2:26-cv-01198-JNW, 2026 WL 1661379, at *4 (W.D. Wash. Jun. 9, 2026). And, "[n]or d[id] the IJ explain how [petitioner]'s failure to apply for immigration status after spending years living in the country makes him a flight

risk." *Id.* at *5. As further examples, courts have so held in matters involving issues with a visa, or previous attempts at habeas relief. *See, e.g.*, *Garcia v. Scott*, No. 2:26-cv-02434-LK, 2026 WL 2686831, at *6 (W.D. Wash. Sept. 14, 2026) ("Judge Odell did not explain why a previously-denied habeas order has any bearing on Garcia's risk of flight."); *see also Vasquez v. Warden*, No. 1:26-cv-04482 DJC SCR, 2026 WL 2676859, at *5 (E.D. Cal. Sept. 11, 2026) ("Nor did the IJ draw a rational connection between Petitioner's visa overstay status and flight risk.").

Otherwise, the government's remaining evidence within the Form I-213 and Burien arrest report appear to substantively cut to petitioner's RCW 46.61.504 arrest, Dkt. 14 at 4-10, and the IJ did not expressly rely upon this arrest in finding petitioner was a flight risk.

In sum, the IJ's cited reasons for denying bond are insufficient as a matter of law to meet the clear and convincing evidence standard. Thus, the Court finds the IJ abused her discretion in finding petitioner was a flight risk.

**D. Remedy**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *Soriano*, 830 F Supp. 3d at 1081-82.

This Court declines respondent's request to impose a stay to permit the IJ to issue a written bond memorandum. *E.g.*, Dkt. 12 at 2, 11. *Ascencio-Zetino v. Scott*, No. 2:26-cv-02856-DGE, 2026 WL 2686835, at *5 (W.D. Wash. Sept. 14, 2026) (addressing a similar request).

Under the circumstances, the Court finds no basis for petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is

the appropriate remedy. *Soriano*, 830 F. Supp. 3d at 1081-82; *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131, (D.R.I. Dec. 3, 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing")).

## III. CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS:**

**(1)** Respondents shall immediately release petitioner from immigration custody **within 24 hours** of the filing of this Order.

**(2)** Respondents shall release petitioner under the same conditions petitioner was subject to prior to his re-detention.

**(3)** Respondents shall file a certification with this Court confirming the date and time petitioner was released **within two business days** of the filing of this Order.

**(4)** The Court will consider an appropriate post-judgment motion for attorney's fees.

Dated this 23rd day of October, 2026.

Theresa L. Fricke
Theresa L. Fricke
United States Magistrate Judge